**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1625

KNOCKOUT HOLDINGS, LLC, f/k/a Octo Platform Equity Holdings, LLC,

Plaintiff – Appellant,

v.

ARVINDER KAKAR,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:23-cv-00944-CMH-WEF)

Argued:  March 19, 2025                                            Decided:  June 29, 2026

Before KING, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**   Paul Anthony Werner, III, SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP, Washington, D.C., for Appellant.   Joseph Michael Rainsbury, O'HAGAN MEYER PLLC, Richmond, Virginia, for Appellee. **ON BRIEF:** Imad Matini, Christopher Bauer, Kathryn Ryan, Angelo Pavone, SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, Washington, D.C., for Appellant.   Charles M. Sims, O'HAGAN MEYER, PLLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Eastern District of Virginia, plaintiff Knockout Holdings, LLC, formerly known as Octo Platform Equity Holdings, LLC (hereinafter "Knockout"), challenges the district court's adverse July 2024 award of summary judgment to the defendant Arvinder Kakar. *See Knockout Holdings, LLC v. Kakar*, No. 1:23-cv-00944 (E.D. Va. July 31, 2024), ECF No. 135 (the "Summary Judgment Ruling").[*] By the Summary Judgment Ruling, the court entered a judgment in favor of Kakar on Knockout's defamation and declaratory judgment claims. As background, those claims arise out of the parties' contentious and soured business relationship and, eventually, statements that Kakar made in December 2022 to an employee of another business entity — that is, International Business Machines Corporation ("IBM") — regarding ongoing state court litigation in the Commonwealth of Virginia and the State of Delaware between Kakar and Knockout.

On appeal, Knockout maintains — with respect to the Summary Judgment Ruling — that the district court committed two errors that warrant a reversal: (1) that the court erred in ruling that Kakar's statements to the IBM employee were protected opinions under the First Amendment of the Constitution and therefore not defamatory; and (2) that the court erred in disposing of Knockout's declaratory judgment claim. In addressing the propriety of those merits-based contentions during the March 2025 oral argument of this

---

[*] At the time of the events giving rise to its complaint, Knockout was known as Octo Platform Equity Holdings, LLC ("Octo Platform"). And Octo Platform was the parent of two subsidiaries: Octo Consulting Group, LLC and Octo Equity Holdings Parent, LLC. For simplicity's sake, we collectively refer to those Octo entities as "Knockout."

appeal in Richmond, however, a threshold jurisdictional issue emerged concerning the district court's subject-matter jurisdiction. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (specifying that "[e]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (citation modified)); *accord Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884).

To that end, following the March 2025 oral argument, our Court entered an Order of Limited Remand later that month. *See Knockout Holdings, LLC v. Kakar*, No. 24-1625 (4th Cir. Mar. 25, 2025), ECF No. 58 (the "Remand Order"). Mindful that we are we a "court of review, not of first view," *see Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005), we therein "order[ed] a limited remand to the district court for resolution of [the] jurisdictional issue" — specifically, whether "there was a lack of diversity jurisdiction in the district court proceedings," as required by 28 U.S.C. § 1332. *See* Remand Order 1.

During the remand proceedings, and by Order of September 30, 2025, the district court concluded that there was complete diversity of parties at the time Knockout filed its complaint against Kakar in the Virginia federal court in July 2023, thereby conferring subject-matter jurisdiction pursuant to § 1332. *See Knockout Holdings, LLC v. Kakar*, No. 1:23-cv-00944 (E.D. Va. Sept. 30, 2025), ECF No. 176 (the "Subject-Matter Jurisdiction Ruling"). As the court explained and articulated in its Subject-Matter Jurisdiction Ruling:

> The facts as they existed at the time of filing — which followed after the IMB deal was consummated — were that [Knockout] had repurchased Kakar's shares and those shares were subsequently sold to IBM. Thus, because Seva, a Maryland corporation and former member of [Knockout], and Kakar are citizens of Maryland, and none of [Knockout's] members were

or are citizens of Maryland, the parties were — and remain — completely diverse. 28 U.S.C. § 1332(a)(1). They were diverse then, and nothing that exists now, or happens in the future related to Kakar's membership interests can change that because those interests no longer exist as they have been reduced to cash in the form of a note.

*See* Subject-Matter Jurisdiction Ruling 6-7.

In April 2026, our Court sought supplemental briefing from the parties concerning the propriety of the district court's Subject-Matter Jurisdiction Ruling. *See Knockout Holdings, LLC v. Kakar*, No. 24-1625 (4th Cir. Apr. 8, 2026), ECF No. 59. As to the issue of the court's subject-matter jurisdiction, we "review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom *de novo*." *See Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). In this situation, having carefully considered the parties' supplemental briefs — along with the pertinent and controlling legal authorities — we are satisfied that the district court correctly determined that the parties to this lawsuit were "completely diverse" at the time Knockout commenced this action in July of 2023. Accordingly, we are content to affirm the Subject-Matter Jurisdiction Ruling, for the reasons well-articulated by the district court.

Returning to the underlying merits of this appeal, our Court reviews de novo an award of summary judgment. *See, e.g., Tederick v. LoanCare, LLC*, 168 F.4th 154, 162 (4th Cir. 2026); *Palmer v. Liberty Univ., Inc.*, 72 F.4th 52, 62 (4th Cir. 2023). To that end, summary judgment is only appropriate if — viewing the facts in the light most favorable to the nonmoving party — the moving party has demonstrated that "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *See FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

4

Furthermore, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). We thus "review for abuse of discretion a district court's decision to exercise its jurisdiction" regarding a party's request for declaratory judgment. *See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 591 (4th Cir. 2004).

In these circumstances, having carefully assessed the parties' appellate submissions — along with the able oral argument presented by the lawyers in March 2025 — we discern no reversible error with respect to the Summary Judgment Ruling. Rather, we are readily of opinion that the seasoned district judge carefully considered the parties' contentions, and properly entered an award of summary judgment in favor of the defendant Kakar.

Turning to Knockout's contention that the district court erred in entering judgment for Kakar on Knockout's defamation claim, we reject that contention. The undisputed record evidence reveals that Kakar contacted the IBM representative in December 2022 — following IBM's public announcement that it would be purchasing various Knockout subsidiaries — because Kakar was in disbelief that IBM would execute such a purchase without knowledge of the state court proceedings in Virginia and Delaware between Kakar and Knockout. When viewed in the proper context, we agree with the Summary Judgment Ruling's determination that those statements by Kakar were merely an expression to IBM of his subjective views of the facts giving rise to those state court proceedings, along with the contentious relationship that had existed between Kakar and Knockout. *See, e.g., Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 184 (4th Cir. 1998) (recognizing that

5

although "primary emphasis" of defamation analysis rests on "verifiability of the statement" made by defendant, courts must also consider "the context and general tenor" of statements (citing *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 2 (1990) (citation modified)).

Finally, regarding Knockout's appellate contention that the district court erred by dispensing with Knockout's request for a declaratory judgment, we find no reversible error in that regard either. *See* Summary Judgment Ruling 7-8 (explaining that "because Kakar's statements [to IBM] are not actionable as defamation, there is no controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (citation modified)). Put simply, given the lack of actionable defamation, we cannot say that the court abused its discretion in declining to declare the rights and obligations imposed by the parties' various agreements, many of which are the subject of the state court lawsuits.

* * *

Pursuant to the foregoing, we are satisfied to affirm the Subject-Matter Jurisdiction Ruling, reject each of Knockout's appellate contentions concerning the Summary Judgment Ruling, and otherwise affirm the challenged judgment of the district court.

*AFFIRMED*

6